**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KURT VROMAN,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:06-cv-229-Orl-28DAB**

**VOLUSIA COUNTY, FLORIDA, JAMES TAUBER, TERRY MOORE, JAMES WILLITS,**

        **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLAIM FOR DAMAGES AND/OR ATTORNEYS' FEES (Doc. No. 54)**
>
> **FILED:** August 31, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot as to the responses to be compelled and **GRANTED** as to attorney's fees for the delay in the responses.

Defendants filed their Motion to Compel Discovery Responses, seeking to compel documents and interrogatory responses concerning Plaintiff's claims for loss of income and attorneys' fees. Doc. No. 54. Plaintiff responds that the issue is now moot because he has – within days *after* the filing of the Motion to Compel – produced his tax returns and responded to interrogatories asking for income

loss calculations and attorney's fees information. Doc. No. 57. Thus, it appears that most of the information sought to be compelled has now been produced, albeit well after the date it was due.

In response to the Court's order directing Defendants to file a reply to Plaintiff's response, Defendants' counsel states that they attempted to confer by correspondence on five occasions between May 9 and August 1, 2007. Doc. No. 60 at 2. Not until August 29, 2007, did counsel for Plaintiff indicate by telephone that Plaintiff's tax records would be faxed that day. When the tax returns did not arrive by August 31, 2007, Defendants had "no choice" but to file their Motion to Compel because of the pressing discovery deadline. *Id*. Defendants state in their Reply that the only remaining discovery sought is a formalized statement (interrogatory or declaration) from Plaintiff of the estimated amount of attorneys' fees and costs, upon which Defendants could rely at trial. *Id*.

Because Plaintiff waited to properly respond to the discovery at issue in September 2007 – *after* the Motion to Compel was filed – for discovery initially due in April 2007, motion costs and attorney's fees of **$500** are an appropriate sanction for Plaintiff's delay in responding. *See* Fed. R. Civ. P. 37 (the court shall "require the party . . . whose conduct necessitated the motion . . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees). Plaintiff is also **ORDERED** to produce by October 5, 2007 a formalized statement (supplemental interrogatory or declaration) from Plaintiff of the estimated amount of attorneys' fees and costs claimed.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record